**FORM B9I** (Chapter 13 Case) (12/1/13)                                                                                           Case Number **14–13841–EPK**

**UNITED STATES BANKRUPTCY COURT**
Southern District of Florida
www.flsb.uscourts.gov

**Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, Deadlines, & Court's Confirmation Procedures**

A chapter 13 bankruptcy case concerning the debtor listed below was filed on 2/19/14. You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be accessed electronically via CM/ECF including at the public access terminals in every clerk's office.  **NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.**

**Creditors – Do not file this notice in connection with any proof of claim you submit to the court.**
**\*\* See Reverse Side For Important Explanations and SDFL Local Court Requirements. \*\***

**Debtor(s) name(s) and address(es) (for names include married, maiden and trade used by the debtor(s) in the last 8 years):**

| | |
|---|---|
| Carl Ray Paustian<br>223 S. Landry Rd.<br>Avon Park, FL 33825 | Sarah Ester Paustian<br>223 S. Landry Rd.<br>Avon Park, FL 33825 |

| **Case Number:**<br>14–13841–EPK | **Last four digits of Social–Security or Individual Taxpayer–ID (ITIN) No(s)./Complete EIN:** xxx–xx–8565xxx–xx–2195 |
|---|---|
| **Attorney for Debtor(s) (or Pro Se Debtor) name and address:**<br>James E Copeland Esq<br>631 US Hwy 1 #403<br>N. Palm Beach, FL 33408<br>**Telephone number:** (561) 881–8989 | **Bankruptcy Trustee (name and address):**<br>Robin R Weiner<br>www.ch13weiner.com<br>POB 559007<br>Fort Lauderdale, FL 33355<br>Telephone number: 954–382–2001 |

# MEETING OF CREDITORS

Date: **March 26, 2014**                                           Time: **01:30 PM**

Location:  **Flagler Waterview Bldg, 1515 N Flagler Dr Rm 870, West Palm Beach, FL 33401**

**NOTE: Debtors must bring original government–issued photo identification and proof of the social security number (or, if applicable, Tax ID) to this meeting.**

**WARNING TO DEBTOR: Debtors must commence plan payments within 30 days of filing the chapter 13 petition or conversion to chapter 13. Without further notice or hearing the court may dismiss your case for failure to timely pay filing fee installments, failure to appear at the meeting of creditors or failure to be current with plan payments at the time of the meeting of creditors, and for failure to file a pre–bankruptcy certification of credit counseling or file wage documentation. The case may also be dismissed or converted at the scheduled confirmation hearing if the court denies confirmation of the pending plan under 11 U.S.C. § 1325 and denies a request made for additional time for filing another plan or a modification of a plan.**

# CONFIRMATION HEARING ON CONTESTED PLAN:

Date: **May 12, 2014**                                           Time: **09:00 AM**

Location:  **Flagler Waterview Building, 1515 N Flagler Dr Room 801 Courtroom B, West Palm Beach, FL 33401**

**NOTE: Confirmation may occur at an earlier date. Please read the reverse side regarding important objection deadlines.**

## Deadlines:

Documents submitted for filing must be *received* by the bankruptcy clerk's office by the following deadlines:

### Deadline to File a Proof of Claim:

**For all creditors (except a governmental unit): 6/24/14** , For a governmental unit: **8/18/14** , or as provided by 11 USC Sec. 502(b)(9), whichever is later.

### Creditor with a Foreign Address:

A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

### Deadline to Object to Exemptions:

30 days after the *conclusion* of the meeting of creditors or within 30 days of any amendment to the list or supplemental schedules, except as provided under Local Rule 4003–1(B).

**Deadline to Object to Confirmation and Attorney Fee Claims:**   See explanations on reverse.
**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 5/27/14**

# Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| **Address of the bankruptcy clerk's office where assigned judge is chambered:**<br>Flagler Waterview Bldg<br>1515 N Flagler Dr #801<br>West Palm Beach FL 33401<br>Telephone: 561–514–4100 | |
|---|---|
| **Hours Open:** Monday – Friday 8:30 AM – 4:00 PM<br>Closed all Legal Holidays | **Clerk of the Bankruptcy Court:** Katherine Gould Feldman<br>**For:** Judge Erik P. Kimball<br>**Date:** 2/21/14 |

# EXPLANATIONS

FORM B9I (12/1/13)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor listed on the front side (or the existing case under another chapter has been converted to chapter 13). Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. A copy of the plan is enclosed and information about the confirmation hearing is indicated on the front of this notice and below in the "Deadline to Object to Confirmation Section." The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to exceed or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present with required original government−issued photo identification and proof of the social security number (or Tax ID, if applicable) at the meeting to be questioned under oath by the trustee and by creditors.* **Creditors are welcome to attend, but are not required to do so.** The meeting may be continued and concluded at a later date specified in a notice filed with the court. As mandated by the Department of Homeland Security, **ALL** visitors (except minors accompanied by an adult) to any federal building or courthouse, must present a current, valid, government issued photo identification (e.g., drivers license, state identification card, passport, or immigration card). |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to file a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. However, if this is a converted case, all claims filed under the initial chapter shall be deemed filed and need not be refiled. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. If the debtor is not represented by an attorney, you must serve copies of the claim including all attachments, upon the debtor via U.S. Mail. See Local Rule 3002−1(E). **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline.<br><br>Claims should be filed using the Official B10 Proof of Claim form available at any bankruptcy clerk's office or on the court's website at: www.flsb.uscourts.gov, and delivered or mailed to the clerk's office address listed on the front of this notice. To receive acknowledgment of receipt by the clerk, enclose a copy of the claim and an adequate sized stamped self addressed envelope. As an alternative filing method, any creditor with internet access may file a proof of claim electronically and print a copy of the claim at the time of filing by using the electronic claims filing program available on the court website: www.flsb.uscourts.gov. *Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must start a lawsuit by filing a complaint — or file a motion if you assert the discharge should be denied under §727(a)(8) or (a)(9) —- by the "Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts" listed on the front side of this form. The bankruptcy clerk's office must receive the complaint or motion and the required filing fee by that deadline. Writing a letter to the court or judge is not sufficient. The discharge will not be issued until the Official Bankruptcy Form "Debtor's Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management" is filed by the debtor (unless the course provider filed a certificate of completion of the financial management course on behalf of the debtor). |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Documents filed conventionally in paper may be filed at any clerk's office location. Documents filed may be viewed in electronic format at any clerk's office public terminal (at no cost for viewing) or via PACER ON THE INTERNET (charges apply). Case filing information and unexpired deadline dates can be obtained by calling the Voice Case Information System: (305)536−5979 or (800)473−0226. |
| | |

| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

# EXPLANATIONS (CONTINUED)

FORM B9I (12/1/13)

| | |
|---|---|
| Deadline to Object to Confirmation | At the Confirmation Hearing on Contested Plan, the court will consider all timely objections to confirmation, and any filed motions to dismiss or convert the case. Except for objections to confirmation based upon valuation of collateral or objections to attorney fee claims, the court will not consider an objection at the confirmation hearing unless it was raised orally or in writing at or before the meeting of creditors. Written objections must be filed and served on the standing chapter 13 trustee and all parties of record at or before the meeting. |
| Uncontested Confirmation of a Plan and Treatment of Debtor's PreConfirmation Payments | Under Local Rule 3015–3(B), if no objection to confirmation or objection to confirmation being held earlier than 20 days after the meeting of creditors are timely raised at or before the meeting of creditors and the enclosed plan does not seek to value collateral pursuant to Local Rule 3015–3(A), and the debtor has filed the required Local Form "Debtor Certificate of Compliance and Request for Confirmation of Chapter 13 Plan" the plan may be confirmed as unopposed at the meeting of creditors, the formal confirmation hearing will be cancelled and an order confirming uncontested plan will be entered. The debtor's pre–confirmation payments will be treated as provided under Local Rule 3070–1(A). |
| Attorney Fee Claims: | Attorney Fee Applications and Objections to Attorney Fees shall be heard at the Confirmation Hearing on Contested Plan. |
| Electronic Bankruptcy Noticing | Parties can now choose to receive all notices (including attachments) served by the clerk's office electronically instead of via US mail. For information on or to register for this free service, contact the Bankruptcy Noticing Center at ebn.uscourts.gov |
| Translating Services | Language interpretation of the meeting of creditors will be provided to the debtor at no cost, upon request to the trustee, through a telephone interpreter service. Persons with communications disabilities should contact the U.S. Trustee's office to arrange for translating services at the meeting of creditors. |